IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLY D. EBMEYER, # S-11623, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-500-JPG |
| | ) |
| JERRY DeVORE, | ) |
| ZACHARY ROECKMAN, | ) |
| DALE EDDINGS, | ) |
| and JAMES WOODS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Hill Correctional Center ("Hill"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose, however, during his pre-trial detention in the Marion County Jail, and he also complains about medical treatment while he was confined at Graham Correctional Center ("Graham"). Plaintiff claims that Defendants failed to protect him from assault by a fellow jail inmate, and then delayed the knee surgery that he needed as a result of his injuries.

More specifically, Plaintiff claims that while he was confined in the Marion County Jail in 2011, he twice requested Defendant Woods (a guard) to move him to a safer cell block (Doc. 1, p. 5). Plaintiff's second request was on February 22, 2011. Defendant Woods would not allow Plaintiff to speak with Defendant Eddings (supervising guard) or Defendant Roeckeman (jail administrator) about his safety concerns.

On February 26, 2011, Plaintiff was attacked and injured by inmate Burgard. On March 1, 2011, Defendant Woods took Plaintiff to a local hospital for an MRI (Doc. 1, p. 6). Plaintiff

requested a wheelchair because he could not walk into the hospital. Defendant Woods told Plaintiff to "quit being a f**ing invalid" and pushed Plaintiff to the ground. This further injured Plaintiff, as he was shackled. A hospital worker brought a wheelchair.

The results of Plaintiff's MRI came in later that day, and he was taken from his cell to a different hospital at 7:00 p.m. for surgery. However, after being prepped for the operation, the emergency room doctor informed Plaintiff they would not perform the surgery due to liability issues related to his being a prisoner. He was treated with pain medications and a full leg brace (Doc. 1, p. 6).

Two days later, on March 3, 2011, Plaintiff was taken to an orthopedic surgeon. She confirmed surgery was needed as soon as possible, and scheduled the operation for the following week. However, on March 9, 2011, Plaintiff was placed in the custody of the Illinois Department of Corrections ("IDOC") and sent to Graham. He claims his surgery was "again cancelled by jail officials" (Doc. 1, p. 6). Approximately six weeks later, Plaintiff had the knee operation on April 20, 2011.

Plaintiff further complains that IDOC officials at Graham authorized only one post-operative physical therapy session when more was needed, and took away his leg brace on June 23, 2011. Since then, he has had extreme pain, instability, numbness, and limited range of motion in the injured knee.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action

against Defendant Woods for excessive force for shoving Plaintiff to the ground **(Count 1)**, and against Defendant Roeckman for deliberate indifference to medical needs, for delaying Plaintiff's surgery **(Count 2)**. As to Count 2, Plaintiff's general allegation that the surgery he was to have during the week of March 9, 2011, was "cancelled by jail officials," liberally construed, would seem to point to jail administrator Defendant Roeckman. Further factual development is needed in order to determine whether this claim may be sustained.

However, Plaintiff's allegations regarding Defendants' failure to protect him from the attack **(Count 3)** fail to state a claim upon which relief may be granted, and shall be dismissed. In addition, Plaintiff has failed to state a cognizable claim for any possible deliberate indifference to his medical needs that took place during his incarceration at Graham **(Count 4)**, because he has not included any Graham officials as defendants in this action.

### Dismissal of Count 3

Jail officials have a duty to protect pre-trial detainees from violence caused by other inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Liability will attach only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Borello*, 446 F.3d. at 747 (quoting *Farmer*, 511 U.S. at 847); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). In order to state a claim for deliberate indifference to a prisoner's safety in the face of a risk of attack from a fellow inmate, the complaint must indicate that the plaintiff made his custodians aware of a specific, impending, and substantial threat to his safety by informing them about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other

words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action in "deliberate indifference" to that danger. *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

In the instant case, Plaintiff does not indicate that he reported to the Defendants any specific threat of harm, either from the inmate who attacked him or from any other prisoners, before he was attacked. Plaintiff states only that he asked to be moved to a safer cell block. This general request does not establish the requisite knowledge on the part of any Defendant to sustain a claim for failure to protect. Plaintiff also alleges that Defendant Woods was negligent. Whether or not this was true, negligence does not rise to the level of a constitutional claim. Accordingly, Count 3 shall be dismissed without prejudice.

**Dismissal of Count 4**

Plaintiff left the custody of the named Defendants (all Marion County employees) when he was transferred to IDOC custody on March 9, 2011. Therefore, any responsibility for alleged incidents of deliberate indifference to Plaintiff's medical needs regarding his April 20, 2011, surgery and post-surgical treatment rests with the prison officials who decided what health care he would receive. Because the Court cannot discern any basis for holding any of the named Defendants liable for events that occurred during Plaintiff's incarceration at Graham, Count 4 shall be dismissed without prejudice.

If Plaintiff wishes to pursue a claim for deliberate indifference against the responsible Graham officials, he must either submit an amended complaint, which shall be subject to review under 28 U.S.C. § 1915A, or bring a separate action against those defendants in the Federal

District Court for the Central District of Illinois, where Graham is located. If Plaintiff chooses to submit an amended complaint in this action to pursue this claim, this Court may determine after review that the claim is subject to severance and transfer to the Central District of Illinois.

Plaintiff is advised that any proposed amended complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amended pleading must be submitted at the time a motion to amend is filed. The Court will not accept piecemeal amendments to the original complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Thus, any amended complaint must stand on its own, without reference to any previous pleading.

### Dismissal of Defendants DeVore and Eddings

Defendant Eddings is mentioned in the complaint only in connection with Count 3 (failure to protect), and as noted above, this count fails to state a viable constitutional claim. Further, it appears Plaintiff never spoke directly with Defendant Eddings regarding his safety concerns, thus there is no basis to conclude that he knew anything about Plaintiff's request to be moved. Defendant Eddings shall be dismissed from the action without prejudice.

Plaintiff makes no allegations whatsoever against Defendant DeVore (the Marion County Sheriff). While Defendant DeVore, as sheriff, may have been the supervisor of the other named Defendants, this is not enough to hold him liable for any purported constitutional violations committed by his employees. There is no supervisory liability in a civil rights lawsuit. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). Plaintiff has not alleged that Defendant DeVore is "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly,

Defendant DeVore shall also be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Frazier for further consideration.

**Disposition**

**COUNTS 3 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **DeVORE** and **EDDINGS** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **ROECKMAN** and **WOODS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  June 28, 2013**

                                      s/J. Phil Gilbert
                                      **United States District Judge**