UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KELLY D. EBMEYER,

       Plaintiff,

  v.

JERRY DEVORE, ZACHARY ROECKMAN, DALE EDDINGS, JAMES WOODS, WARDEN OTT and DR. KAYIRA,

       Defendants.

Case No. 13-cv-500-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 32) of Magistrate Judge Philip M. Frazier recommending that the Court grant the defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. 21), enter summary judgment in favor of defendant Zachary Roeckman on Count 2, and dismiss Counts 1 and 3 against defendant Woods based on the statute of limitations. Plaintiff Kelly D. Ebmeyer has objected to the Report (Doc. 33) and the defendants have responded to that objection (Doc. 34).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Ebmeyer does not object to the portion of the Report recommending the Court grant summary judgment on Count 2 in favor of Roeckman. The Court has reviewed that portion of the

Report for clear error and finds none. Accordingly, the Court will adopt that portion of the Report.

Ebmeyer objects to the portion of the Report recommending the Court dismiss Counts 1 and 3 based on the statute of limitations. All parties agree that (1) the statute of limitations in this action under § 1983 is two years, (2) the cause of action in Count 3 accrued on February 26, 2011, and the cause of action in Count 1 accrued on March 1, 2011, (3) the limitations period for Count 3 expired on February 26, 2013, and the limitations period for Count 1 expired on March 1, 2013, and (4) the complaint was filed in May 2013, after the limitations periods had expired. Ebmeyer argues that the limitations periods should be equitably tolled because the law library at the institution in which he was incarcerated was closed from January 2013 until late March 2013. Magistrate Judge Frazier found that equitable tolling did not apply because the defendants did not actively mislead Ebmeyer about his cause of action or prevent him from exercising his right to file this lawsuit in some extraordinary way. *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000).

Magistrate Judge Frazier was correct that equitable tolling should not apply. Temporary loss of access to a law library is a normal risk inherent to incarceration that should be anticipated by any inmate, not an extraordinary interference with the exercise of rights to access the court. This is especially true where a plaintiff has knowledge of his cause of action for 22 months in which he could have gone to the law library, drafted a complaint, and filed suit. Ebmeyer's lack of diligence in pursuing this course for 22 months does not warrant applying equitable tolling because he was deprived of access to the law library for the last two months of his limitations period. For these reasons, after *de novo* review, the Court finds Magistrate Judge Frazier's conclusion is correct and will accordingly adopt the Report as to Counts 1 and 3.

For these reasons, the Court hereby:

- **OVERRULES** Ebmeyer's objections (Doc. 33);

- **ADOPTS** the Report in its entirety (Doc. 32);

- **GRANTS** the defendants' motion for summary judgment as to Counts 1, 2 and 3 (Doc. 21); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   July 1, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**