UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KELLY D. EBMEYER,

        Plaintiff,

   v.

JERRY DEVORE, ZACHARY ROECKMAN, DALE EDDINGS, JAMES WOODS, WARDEN OTT and DR. KAYIRA,

        Defendants.

Case No. 13-cv-500-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Kelly D. Ebmeyer's motion (Doc. 38) for reconsideration of the Court's July 1, 2014, order and judgment (Docs. 36 & 37) granting defendant James Woods summary judgment on statute of limitations grounds. Woods has responded to Ebmeyer's motion (Doc. 39). The Court construes the motion as pursuant to Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of entry of judgment. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*,

433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Rule 59(e) does not justify relief in this case.  In his motion for reconsideration, Ebmeyer argues for the first time that he was prevented from visiting the law library and filing this lawsuit against Marion County Jail personnel during his lengthy stay in the Graham Correctional Center infirmary (from March to July 2011) and then in segregation (from the end of August 2011 to January 2012).  This is a new argument Ebmeyer could have and should have made before.  It is too late to raise it now.

Even if the Court were to consider this new argument, it would reject it.  Ebmeyer says he could not file suit against Marion County Jail officials while he was in the infirmary and in segregation at Graham Correctional Center because he was not allowed to visit the law library.  Even if this were true and a visit to the law library was necessary to file his complaint, he had almost all of 2012 to make that visit and file his complaint.  Furthermore, the Court believes Ebmeyer did not need to visit the law library to file his complaint, which only required that he state the facts that support his case, not legal theories.  Ebmeyer knew the facts on which his excessive force and failure to protect claims were based in February or March of 2011, and the failure to access a law library should not have prevented him from diligently filing suit based on those facts.

For these reasons, the Court **DENIES** Ebmeyer's motion for reconsideration (Doc. 38).

**IT IS SO ORDERED.**
**DATED:   July 14, 2014**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**